**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1342

JANE D. DICOCCO, MD,

        Plaintiff-Appellant,

  v.

MERRICK B. GARLAND, Attorney General, United States Department of Justice,

        Defendant-Appellee.

Appeal from the United States District Court for the Eastern District of Virginia at Richmond. John A. Gibney, Jr., Senior District Judge. (3:19-cv-00159-JAG)

Argued: March 11, 2021                                        Decided: November 3, 2022

Before WILKINSON and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

Reversed and remanded by published opinion. Judge Richardson wrote the opinion, in which Judge Wilkinson and Senior Judge Floyd joined.

**ARGUED:** Jay J. Levit, LAW OFFICE OF JAY J. LEVIT, Glen Allen, Virginia, for Appellant. Jonathan Tyler Lucier, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** Scott G. Crowley, Sr., CROWLEY & CROWLEY, P.C., Glen Allen, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

1

RICHARDSON, Circuit Judge:

Dr. Jane DiCocco brought Title VII and Age Discrimination in Employment Act ("ADEA") claims against the U.S. Attorney General because she failed an allegedly discriminatory physical-fitness test that was a condition of her federal employment and was told to either retake the test, resign, or be fired. She resigned. The district court dismissed her complaint for lack of Article III standing, finding that her resignation did not constitute an "adverse employment action" that could serve as the basis of either claim.

But the district court inappropriately intertwined its standing analysis with the merits. Dr. DiCocco alleged that she suffered financial and job-related injuries in fact that are fairly traceable to the government's action and likely to be redressed by a favorable ruling. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). So she has Article III standing. We therefore reverse the district court's dismissal and remand for further proceedings.

**I.    Background**

In July 2014, Dr. Jane DiCocco accepted a job as a psychiatrist with the Bureau of Prisons ("BOP") at the Federal Correctional Complex in Petersburg, Virginia. At that time, Dr. DiCocco was sixty-seven years old.

As a condition of her hiring, Dr. DiCocco—like all new BOP employees regardless of age, position, or gender—had to take and pass the Physical Abilities Test. Employees taking the test must drag a seventy-five-pound dummy at least 694 feet for three minutes, climb a ladder to retrieve an object within seven seconds, complete an obstacle course in fifty-eight seconds, run a quarter mile and handcuff someone within two minutes and

2

thirty-five seconds, and climb three flights of stairs in forty-five seconds while wearing a twenty-pound weight belt. Employees receive scores for the five components, which are aggregated and measured against a passing composite score.

The first time Dr. DiCocco took the test, she failed. Under BOP policy, she could retake the test within twenty-four hours, but she declined, "fearing that in her exhausted physical condition, she would be unable [to] complete it in a satisfactory time during the second attempt." J.A. 7. She was then "informed that unless she resigned, her employment with BOP would be terminated for failure to pass the [test] within the required times." *Id.* She chose to resign.

After exhausting her administrative remedies, Dr. DiCocco filed a complaint in federal district court against the Attorney General, alleging disparate-impact theories of sex discrimination under Title VII, 42 U.S.C. §§ 2000e to 2000e-17, and age discrimination under the ADEA, 29 U.S.C. §§ 621–634. The government moved to dismiss her complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim. The district court dismissed the complaint without prejudice for lack of standing, finding that Dr. DiCocco had not suffered an injury in fact traceable to the BOP's actions because the facts in her complaint did not constitute an "adverse employment action" under Title VII or the ADEA. *DiCocco v. Barr*, No. 3:19-cv-159, 2020 WL 902530, at *2–5 (E.D. Va. Feb. 25, 2020). Dr. DiCocco timely appealed.

We have jurisdiction to hear her appeal under 28 U.S.C. § 1291 because the standing defect identified by the district court could not have been cured by amendment. *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 610 (4th Cir. 2020).

3

## II.     Discussion

### A.     Standing

The district court held that Dr. DiCocco lacked standing to bring both claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). A plaintiff has Article III standing if she (1) suffers an injury in fact that is (2) fairly traceable to the challenged conduct and (3) likely to be redressed if the court rules in her favor. *Lujan*, 504 U.S. at 560. We review the district court's dismissal for lack of standing de novo. *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Because the government brought a "facial" challenge to Dr. DiCocco's standing, contending "that [the] complaint simply fails to allege facts upon which subject matter jurisdiction can be based," we accept all well-pleaded facts in the complaint as true. *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)).

The district court began its analysis by finding that Dr. DiCocco failed to state a valid cause of action because she alleged no injury and therefore lacked standing. *DiCocco*, 2020 WL 902530, at *3–5. But this approach improperly conflated the threshold standing question with the merits of her claims. *Pitt Cnty.*, 553 F.3d at 312. Standing does not turn on whether a plaintiff has definitively stated a valid cause of action. *Id.*; *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014) ("[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate the case." (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 642–43 (2002))). In other words, a valid claim for relief is not a prerequisite for standing. *See, e.g.*, *Trump*

4

*v. Hawaii*, 138 S. Ct. 2392, 2416 (2018) (rejecting an argument that plaintiffs lacked Article III standing because the Establishment Clause did not "give them a legally protected interest"). "For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Bell v. Hood*, 327 U.S. 678, 682 (1946).

Dr. DiCocco has adequately pleaded an injury in fact. Dr. DiCocco alleges that she was injured by a loss of employment and the resulting loss of wages and other benefits. *See* J.A. 10–11. Such harms are "classic and paradigmatic" injuries for standing purposes. *Air Evac EMS, Inc. v. Cheatham*, 910 F.3d 751, 760 (4th Cir. 2018) (quoting *Cottrell v. Alcon Lab'ys*, 874 F.3d 154, 163 (3d Cir. 2017)); *see also Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Emps. of Libr. of Congress, Inc. v. Billington*, 737 F.3d 767, 770–73 (D.C. Cir. 2013) (plaintiffs had Article III standing to bring Title VII retaliation claim based on the alleged denial of certain benefits, but still failed to state a claim because the complaint did not allege that any plaintiff engaged in a statutorily protected activity leading to a materially adverse action).

To satisfy standing's causation requirement, the alleged injury must be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (alterations in original) (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41–42 (1976)). At the motion-to-dismiss stage, this burden is "relatively modest," *Bennett v. Spear*, 520 U.S. 154, 171 (1997), and lower than the causation showing required to prevail in a tort suit, *Nat. Res. Def. Council, Inc. v. Watkins*, 954 F.2d 974, 980 n.7 (4th Cir. 1992)

(citing *Pub. Int. Rsch. Grp. of N.J., Inc. v. Powell Duffryn Terminals, Inc.*, 913 F.2d 64, 72 (3d Cir. 1990)). "Proximate causation is not a requirement of Article III standing . . . ." *Lexmark*, 572 U.S. at 134 n.6.

Even so, a plaintiff's injury is not fairly traceable to the defendant's action if the plaintiff "independently caused his own injury." *Swann v. Sec'y, Ga.*, 668 F.3d 1285, 1288 (11th Cir. 2012); *see also Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 866 (6th Cir. 2020); *cf. Pennsylvania v. New Jersey*, 426 U.S. 660, 664, 667 (1976) (injuries to plaintiff-states were "self-inflicted" so they could not bring an original-jurisdiction suit in the Supreme Court). But Dr. DiCocco's allegations—which we must take as true at this stage—do not show that she independently caused her own injuries. Dr. DiCocco's complaint alleges that BOP's ultimatum, which followed from the allegedly discriminatory policy, was the but-for cause of her injuries. J.A. 7 ("Dr. DiCocco was informed that unless she resigned, her employment with BOP would be terminated for failure to pass the [test] within the required times."). Perhaps Dr. DiCocco's choice to resign rather than retake the test was a proximate cause of her injuries. But that does not defeat standing. *See Lexmark*, 572 U.S. at 134 n.6. She has alleged that her injuries were caused by BOP's allegedly discriminatory policy requiring new hires to take and pass the test or be terminated. Without that policy, according to Dr. DiCocco, she would not have resigned. So on the face of the complaint, Dr. DiCocco's alleged injuries are fairly traceable to the BOP's actions.

Finally, the government does not dispute that Dr. DiCocco properly alleges that her injury will "likely" be "redressed by a favorable decision." *Lujan*, 504 U.S. at 561–62

6

(quoting *Simon*, 426 U.S. at 41–42).  And we agree that Dr. DiCocco's injuries would be redressed by an award of damages or reinstatement to her prior position.

Because Dr. DiCocco's complaint adequately alleges an injury in fact, causation, and redressability, she has standing to raise her ADEA and Title VII claims in federal court. Her complaint should not have been dismissed on this ground.

### B.     The Government's Alternative Arguments

The government at first asked that we affirm the district court on two alternative grounds should we reject the district court's standing analysis:  (1) absence of a disparate-impact cause of action falling under the ADEA's sovereign-immunity waiver, and (2) failure to state a claim under Title VII.  We decline to address those arguments now.

Before the district court and on appeal, the government argued that the suit was barred by sovereign immunity because the ADEA provision governing federal employees, 29 U.S.C. § 633a(a), provides no disparate-impact cause of action.  A panel of this court agreed over a thoughtful dissent from Judge Floyd.  *DiCocco v. Garland*, 18 F.4th 406 (4th Cir. 2021).  Dr. DiCocco petitioned for rehearing en banc, and the government again pressed its legal position that the applicable ADEA provision did not encompass disparate-impact liability.  We granted the petition and vacated the panel decision.  Then, just before oral argument, the government informed the Court that, contrary to its position explained in its March 2022 en banc briefing and its earlier panel briefing, it now believed disparate-impact claims are cognizable under the federal-sector provision of the ADEA.  In light of this unusual change in position, the en banc court returned the case to the panel.  We now remand to permit the district court to consider the ADEA claim, including, should the

district court deem it necessary, whether or not the disparate-impact standard provides the appropriate framework for its resolution. Whether to appoint an amicus in the interest of an adversary presentation would lie, of course, within the trial court's sound discretion.

As the panel did before, we decline to address the government's alternative argument that Dr. DiCocco's Title VII claim fails on the merits and remand that claim for consideration first by the district court. The government contends that her Title VII claim fails because she cannot show an adverse employment action. *Cf. Aliotta v. Bair*, 614 F.3d 556, 566 (D.C. Cir. 2010) ("Under either a disparate treatment or disparate impact theory of discrimination, plaintiffs must show they suffered an adverse employment action."). Though Dr. DiCocco does not contest that a Title VII disparate-impact claim requires an adverse employment action, we decline to address that threshold question, which appears to be unanswered in our circuit and underdeveloped in other circuits.

\*          \*          \*

The district court erred in dismissing Dr. DiCocco's complaint for lack of standing based on its analysis of the merits of her claim. She has sufficiently pleaded facts showing that she has Article III standing to raise her claims in federal court. Accordingly, the district court's judgment is

REVERSED
AND REMANDED.